**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **F. PERRY FRANZ,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 01-CV-314-TCK-PJC** |
| | ) | |
| **NEW ENGLAND LIFE** | ) | |
| **INSURANCE CO.,** | ) | |
| | ) | |
| **Defendant.** | ) | |

**OPINION AND ORDER**

This matter comes before the Court upon referral from U.S. District Judge

Terence C. Kern for consideration of "all outstanding issues" [Dkt. # 54].  At a hearing

conducted May 24, 2007, the parties stated that the key outstanding issue is whether

additional discovery will be allowed or whether review will be limited to the

administrative record.  [Dkt. # 58].  The Court then set a briefing schedule on the

discovery question, and the matter is now ripe for adjudication.

**I**
*Background*

As the Court found in its November 4, 2004, Order [Dkt. # 47], in September

1992 New England Life Insurance Co. ("NELIC") offered disability insurance coverage

to the decision-makers at the Holt-Krock Clinic ("Clinic") in Fort Smith, Arkansas.

Clinic could obtain disability coverage for eligible employees based upon the premium

being paid 100% by the clinic.  Clinic endorsed this offer to its employees.  The policies

were written with a 30% premium discount pursuant to certain conditions imposed by

NELIC.

NELIC issued two long term disability policies.  Policy No. 191D235673 was effective December 1, 1992, and Policy No. 191D235756 was effective June 1, 1993.  Under the policies, Plaintiff Franz was the insured and the owner of the policies.  At the time the policies were issued Franz was an employee of Clinic.  Franz became employed by Clinic in 1989.  The disability insurance at issue was to be paid 100% by Clinic and the Clinic's payment of the premiums was not to be added to Franz's taxable income.

After Franz's employment with Clinic terminated, billing for his policies was changed and he was billed directly.  In May 2000, NELIC received notice that Franz was making a claim for disability benefits retroactive to September 1995. [METCL00007-8].  Franz filed the claim on May 21, 2000.  [METCL01134-37].  On August 14, 2000, after medical reports were submitted and reviewed, NELIC informed Franz that his claim was denied in part.  [METCL00504].  The company found:

> [I]t does not appear that you were legally incapacitated at any time between August 29, 1995, and the present, with the possible exception of the time you were hospitalized in late 1999.

[METCL00504].

NELIC found that Franz was entitled to total disability benefits from November 22, 1999, to May 16, 2000.[1]  [METCL000505].  The company terminated benefits as of May 16, 2000, because Franz's medical license was reinstated by the Texas Board of Medical Examiners that date.[2]  The Agreed Order reinstating Franz's medical license

---

[1]   Due to application of a 90-day elimination period, benefits did not begin to accrue until February 20, 2000.  [METCL000505].

[2]   Franz's medical license was temporarily suspended on December 16, 1999, pending disciplinary proceedings.  [METCL000179-82].  Following an "informal settlement conference/show compliance proceeding" an Agreed Order was entered by the Medical Examiners Board on May 19, 2000, reinstating Franz's license and imposing restrictions for a five-year period.  [METCL000168-78].

with conditions noted that Franz was receiving treatment from Dr. Willis Thorstad and that Franz's "mental disability and possible substance abuse is [sic] under control." [METCL000171].  The Texas Board concluded that Franz's practice of medicine "would not constitute a danger to patients under the conditions and restrictions set forth in the Agreed Order."  [METCL000171].

When NELIC terminated Franz's disability benefits on May 16, 2000, Franz appealed this decision administratively.  [METCL000589].  While the administrative appeal was pending, Franz initiated this action.  Once a lawsuit had been initiated NELIC closed its file and referred the matter to the legal department.  [METCL01302]. However, in May 2001 NELIC learned that Franz's medical license had been suspended again. [METCL01300].  Accordingly, NELIC opened a new claim as of May 18, 2001. [METCL01302].  Apparently, NELIC determined that Franz was entitled to benefits beginning May 18, 2001.  NELIC reinstated Franz's benefits and they continue today.

Franz challenges NELIC's denial of disability benefits for three time periods:

- December 1, 1995 to June 9, 1997 – Franz seeks total disability benefits of $13,100 per month.

- June 9, 1997 to January 31, 1999 – Franz seeks partial disability benefits based on various percentages of the total disability amount.

- February 1999 to the Present – Franz seeks total disability benefits of $13,100 per month.

Franz initially brought suit on two theories:  breach of contract and bad faith. [Dkt. # 1]  On February 21, 2003, the Court held that Franz's claims were preempted by the Employment Retirement Security Act of 1974 ("ERISA") [Dkt. # 22].  Thereafter, Plaintiff amended to assert a claim for wrongful denial of ERISA benefits [Dkt. # 25]. On November 4, 2004, the Court held that Plaintiff was not entitled to a jury trial, that

review of the insurance company's benefits decision would be *de novo* and that the determination of whether additional evidence beyond the administrative record would be permitted would be made after the Court examined the administrative record to see if such additional evidence was necessary.  [Dkt. # 47 at pp. 5-7].

Plaintiff seeks to supplement the administrative record with three categories of evidence:

1. The Texas Board of Medical Examiners' findings and order suspending Franz from medical practice in May 2001 and information regarding the "new claim" opened by Defendant at that time.  (Plaintiff's Brief in Support of Discovery Beyond Current Administrative Record ("Plaintiff's Brief"), Dkt. # 59, p. 6).

2. Depositions of Cheryl R. Elden, and another medical expert relied on by NELIC, regarding "how they ignored Dr. Franz's mental disability and inability to earn any income for the critical period May 11, 1999 to November, 1999."  (Plaintiff's Brief, Dkt. # 59, p. 7).

3. Deposition of claims specialist Lisa Morton to "examine the standards used to evaluate Plaintiff's claims" to determine whether NELIC acted in good faith.  (Plaintiff's Brief, Dkt. # 59, pp. 7-8).

## II
### *Applicable Legal Standard*

The Court has previously determined that review of the benefits decision herein will be *de novo*.  (*Order*, Dkt. # 47, p. 5).

ERISA provides detailed and comprehensive federal regulations governing the provision of benefits to employees by employers, including disability benefits. ERISA specifically gives a plan beneficiary the right to federal court review of benefit denials and terminations. *See* 29 U.S.C. § 1132(a). However, the statute does "not establish the standard of review for such decisions." *Chambers v. Family Health Plan Corp.*, 100 F.3d 818, 824-25 (10th Cir.1996).

The Supreme Court has established the basic framework for determining the standard of review in ERISA cases that challenge the denial or termination of benefits. *Firestone Tire & Rubber Co. v. Bruch*, 489 U.S. 101 (1989).  The Court held that "a denial of benefits challenged under § 1132(a)(1)(B) is to be reviewed under a *de novo* standard unless the benefit plan gives the administrator or fiduciary discretionary authority to determine eligibility for benefits or to construe the terms of the plan." *Firestone*, 489 U.S. at 115. If discretionary authority exists, then the proper standard of review is abuse of discretion. *Id*.  Federal courts are limited to the "administrative record" – those materials considered in making the benefits decision – in reviewing plan fiduciaries' decisions under the abuse of discretion standard.  *Hall v. Unum Life Ins. Co. of America*, 300 F.3d 1197, 1201 (10th Cir. 2002).  Circuit courts disagreed, however, as to what evidence a court could consider when using the *de* novo standard of review.  In *Hall*, *supra*, the Tenth Circuit examined the various approaches to this question and adopted the view articulated by the Fourth Circuit in *Quesinberry v. Life Ins. Co. of N. Am.*, 987 F.2d 1017, 1021-27 (4th Cir. 1993)(en banc).   Under this view, the Court conducting *de novo* review of an administrator's or fiduciary's decision is ordinarily restricted to the administrative record; however, supplementation of the record is permissible "'when circumstances clearly establish that additional evidence is necessary to conduct an adequate *de novo* review of the benefit decision.'" *Hall*, 300 F.3d at 1202 (quoting *Quesinberry*, 987 F.2d at 1025).  Such supplementation will be allowed only in the "unusual" case where the party seeking supplementation meets its burden of establishing "why the court should exercise its discretion to admit particular evidence by showing how that evidence is necessary to the district court's de novo review." *Hall*, 300

F.3d at 1203 (noting the admonition in *Quesinberry* that if additional evidence is not necessary for adequate review of the benefits decision the court should look only at the administrative record.)

In *Quesinberry* the court sought to assist the district courts in determining when consideration of evidence outside the administrative record might be appropriate. The court found that the following "exceptional circumstances" could warrant the admission of additional evidence:

- claims that require consideration of complex medical questions or issues regarding the credibility of medical experts;
- the availability of very limited administrative review procedures with little or no evidentiary record;
- the necessity of evidence regarding interpretation of the terms of the plan rather than specific historical facts;
- instances where the payor and the administrator are the same entity and the court is concerned about impartiality;
- claims which would have been insurance contract claims prior to ERISA, and,
- circumstances in which there is additional evidence that the claimant could not have presented in the administrative process.

*Quesinberry*, 987 F.2d at1205.

The court emphasized, however, that this list was not exhaustive but "merely a guide for district courts faced with motions to introduce evidence not presented to the plan administrator." *Id.* at 1027. In considering whether to permit introduction of evidence that was not presented to the plan administrator, "the district court will need to address why the evidence proffered was not submitted to the plan administrator and should only admit the additional evidence if the party seeking to introduce it can demonstrate it could not have been submitted to the plan administrator at the time the challenged decision was made." *Graham v. Lincare, Inc.*, 353 F. Supp. 2d 1151, 1155 (D.N.M. 2004) (citing *Hall*). "Cumulative or repetitive evidence, or evidence that 'is

simply better evidence than the claimant mustered for the claim review' should not be admitted."  *Hall*, 300 F.3d at 1203.

### III
### *Discussion*

The issue ultimately for decision in this case is whether Franz was wrongly denied disability benefits under the terms of the two insurance policies in question.  The Court has determined that the policies at issue do not give the insurance company authority to determine whether a beneficiary is disabled or to interpret any other policy provisions.  Therefore, the policies do not meet the requirements of *Firestone* for an abuse of discretion review standard to apply.  (*Order*, Dkt. # 47, pp. 4-5).  Accordingly, the Court determined that the *de novo* review standard applies.

As the court noted in *Perry v. Simplicity Eng'g*, 900 F.2d 963, 966 (6th Cir. 1990), *de novo* review can mean review based only on the record below or to review based on the record below plus any additional evidence received by the reviewing court.  In *Hall*, *supra*, the Tenth Circuit adopted the approach outlined in *Quesinberry* permitting the trial court in its discretion to allow evidence that was not before the plan administrator.  The court should exercise this discretion, however, "only when circumstances clearly establish that additional evidence is necessary to conduct adequate *de novo* review of the benefit decision."  *Quesinberry*, 987 F.2d at 1025.  Thus, it is not a given that discovery will be allowed or extrinsic evidence considered in all *de novo* cases.  "Even where de novo review exists under ERISA, it is at least doubtful that courts should be in any hurry to consider evidence or claims not presented to the plan administrator."  *Liston v. Unum Corp. Officer Severance Plan*, 330 F.3d 19, 24 (1st Cir. 2003) (citing *Quesinberry*, 987 F.2d at 1025).  *See also*, Horace Green & Joanne Krakora, "Discovery in Employee

Retirement Income Security Act Cases," 33-SUM BRIEF 46, 52-53 (ABA Summer 2004).  With these standards in mind, the Court will now assess each of the items of evidence Plaintiff seeks.

**A.  Order of Texas Medical Board Suspending Franz in May 2001; New Claim Opened by Defendant.**

Franz has sought disability benefits from 1995 to the present.  On August 14, 2000, NELIC partially denied Franz's claim, awarding benefits only for the period February 20, 2000 to May 16, 2000.   On May 16, 2000, Franz's medical license was reinstated with conditions by the Texas Board of Medical Examiners.  In May 2001, Franz's license was suspended again.  Based upon this information, Defendant opened a "new claim" for Franz and granted him disability benefits.  Franz seeks to add to the evidentiary record the Texas Board of Medical Examiners' May 2001 Order suspending his medical license and the "new claim" opened by NELIC on Franz's behalf.  After extensively reviewing the administrative record, the Court finds that this supplemental evidence is not necessary to *de novo* review of NELIC's claims decision.  Plaintiff's claim concerns NELIC's denied of benefits in August 2000.  The Board of Medical Examiners' Order nine months *after* that decision is not necessary to the Court's review.  Similarly, the "new claim' opened by NELIC in May 2001 will not be helpful or necessary in the Court's review of the benefits decision in August 2000.

**B.  Depositions of Defendant's Experts.**

Plaintiff seeks to depose Cheryl R. Elden, and another medical expert relied on by NELIC, regarding "how they ignored Dr. Franz's mental disability and inability to earn any income for the critical period May 11, 1999 to November, 1999."  (Plaintiff's Brief, Dkt. # 59, p. 7).  The Court finds no need for this evidence for two reasons.  First, the

stated reason for the depositions is clearly argumentative in nature and offering little probative value to the case at hand.  Second, NELIC's decision will rise or fall on the administrative record before decision-makers at the time of the benefits decision.  Under these circumstances, the proposed depositions are not necessary to review of that decision.

**C.  Deposition of Claims Specialist Lisa Morton.**

Plaintiff seeks to depose Morton to "examine the standards used to evaluate Plaintiff's claims" to determine whether NELIC acted in good faith.  (Plaintiff's Brief, Dkt. # 59, pp. 7-8).  The Court held that Plaintiff's claim for bad faith was preempted by ERISA.  Accordingly, the Court granted summary judgment on this claim.  Therefore, the issue of bad faith is no longer before the Court and any such evidence is not necessary to the Court's *de novo* review.

# IV
## *Summary*

Ordinarily, when reviewing an ERISA benefits decision under the *de novo* standard, the Court will be limited to the administrative record.  However, Tenth Circuit law allows discovery of supplemental evidence outside the administrative record in exceptional circumstances.  *Hall*, *supra*, 300 F.3d at 1200-03.  The Court has reviewed the administrative record presented in this case and found that none of the exceptional circumstances identified in *Quesinberry*, 987 F.2d at 1205, apply here:  Resolution of Franz's claim does not require assessment of credibility of medical experts.  There is an ample administrative record.  The parties have identified no issue of interpretation of any specific plan/policy terms.  Franz does not cite necessary evidence that he could not have presented in the administrative process.  The Court concludes that the supplemental

evidence Franz wishes to add to the record is simply not necessary for *de novo* review of the benefits decision.  For example, the decision in May 2001 to reinstate benefits after Franz's medical license was suspended for a second time is irrelevant to the viability of the benefits decision made in August 2000.  For these reasons, the Plaintiff's request to conduct discovery outside the administrative record is **DENIED.**

**One correction to the administrative record is needed.  Document METCL01299, Unum Provident Internal memo, from Dr. Stuart Anfang to Linda Brissette, is miscopied and incomplete.  A correct and legible copy of this page or pages shall be added to the record within 1 week from the date of this Opinion and Order.**

**V**
*Schedule*

| | |
|---|---|
| Plaintiff's opening brief | Oct. 1, 2007. |
| Defendant's Response | Oct. 22, 2007. |
| Plaintiff's Reply | Nov. 5, 2007. |

DATED this 1st day of August 2007.


Paul J. Cleary
United States Magistrate Judge